UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVAGENE SOHN, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 4:18-CV-219 NAB |
| ANDREW M. SAUL[1], Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Evagene Sohn's appeal regarding the denial of disability insurance benefits and supplemental security income under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Based on the following, the Court will affirm the Commissioner's decision.

**Issues for Review**

Sohn asserts that the administrative law judge ("ALJ") failed to properly designate her migraine headaches as a severe impairment. Next, Sohn contends that the ALJ erred by giving little weight to Dr. Paul Rexroat's medical opinion. Sohn also contends that the ALJ's residual

---

[1] At the time this case was filed, Nancy A. Berryhill was the Acting Commissioner of Social Security. Andrew M. Saul became the Commissioner of Social Security on June 4, 2019. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Andrew M. Saul for Nancy A. Berryhill in this matter.

functional capacity determination is not supported by medical evidence; therefore, the vocational expert testimony is not supported by substantial evidence and cannot be used to support the finding of no disability. The Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's residual functional capacity ("RFC") to perform past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to

establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The Court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004).

The Court must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003). "In this substantial-evidence determination, the entire administrative record is considered but the evidence is not reweighed." *Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012).

## Discussion

The ALJ found that Sohn had the severe impairments of degenerative disc disease, residuals of fusion, right knee osteoarthritis, residuals of arthroscopic partial meniscectomy and chondroplasty, obesity, residuals of left knee meniscectomy, and residuals of bilateral foot and ankle surgery. The ALJ noted that there has been no continuous 12 month period of incapacity associated with any of Sohn's conditions or any disabling effects from her conditions. She found that the record demonstrates that Sohn responded well with treatment and repeatedly reported improvement with no pain. The ALJ also noted that there was no deterioration in her condition over a period of time. The ALJ held that Sohn did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ determined that Sohn had the RFC to perform sedentary work with the following limitations: (1) occasionally climb ramps and stairs, stoop, crouch, and balance; (2) never climb ladders, ropes, or scaffolds, kneel, or crawl; (3) occasional exposure to hazards such as unprotected heights and dangerous machinery; (4) need to alternate between sitting and standing every hour for 1 to 3 minutes but would remain on task; and (5) need use of assistive device for prolonged ambulation. The ALJ then held that Sohn was unable to perform any of her past relevant work, but considering her age, education, and work experience, there are jobs in the national economy that Sohn can perform. Therefore, the ALJ found that Sohn did not have a disability between her alleged onset date of February 10, 2015 through the date of decision on March 28, 2017.

For the following reasons, the Court finds that Plaintiff has not met her burden of proof and the ALJ's decision is supported by substantial evidence in the record as a whole.

**Severe Impairment**

First, Sohn asserts that the ALJ should have found that her migraine headaches were a severe impairment. After the ALJ has determined that a claimant is not engaged in substantial gainful activity, the ALJ then determines whether the claimant has a severe impairment or combination of impairments that has or is expected to last twelve months or will result in death. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(i)-(ii)[2]. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms. 20 C.F.R. § 404.1508. To be considered severe, an impairment must *significantly* limit a claimant's ability to do basic work activities. *See* 20 C.F.R § 404.1520(c). "Step two [of the five-step] evaluation states that a claimant is not disabled if his impairments are not severe." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citing *Simmons v. Massanari,* 264 F.3d 751, 754 (8th Cir. 2001)). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby*, 500 F.3d at 707. "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." *Id.* (citing *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir. 2007)). "It is the claimant's burden to establish that his impairment or combination of impairments are severe." *Kirby*, 500 F.3d at 707 (citing *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir. 2000)). "Severity is not an onerous requirement for the claimant to meet, . . . but it is also not a toothless standard." *Kirby*, 500 F.3d at 708.

The ALJ considered Sohn's migraine headaches at step two and found that they were not a severe impairment. The ALJ found that the migraines were controlled by treatment or medication

---

[2] Many Social Security regulations were amended effective March 27, 2017. Per 20 C.F.R. §§ 404.614, 404.1527, the court will use the regulations in effect at the time that this claim was filed.

and were not disabling. (Tr. 17.) The ALJ noted that her last brain MRI was normal. (Tr. 17, 370.) The ALJ also noted that Sohn does not see a neurologist for her migraines and does not take any prophylactic medicines for the migraines, only taking Flexeril as needed. Plaintiff relies upon her testimony that she had migraines lasting in duration from 1 to 5 hours at 3 to 4 times per week. (Tr. 127.) After reviewing the record evidence, the Court finds that Sohn has not met her burden at step two to prove that her migraine headaches were a severe impairment. Sohn has not demonstrated that the record indicates that her migraine headaches have caused more than a minimal effect on her ability to work. Because the record does not support a finding that migraine headaches would be a severe impairment for Sohn, the ALJ did not err in finding that they were not a severe impairment.

**Medical Opinion Evidence**

Next, Sohn states that the ALJ failed to articulate a legally sufficient rationale for disregarding the opinion of Dr. Rexroat. Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, and what the claimant can still do despite her impairments and her physical or mental restrictions. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). All medical opinions, whether by treating or consultative examiners are weighed based on (1) whether the provider examined the claimant; (2) whether the provider is a treating source; (3) length of treatment relationship and frequency of examination, including nature and extent of the treatment relationship; (4) supportability of opinion with medical signs, laboratory findings, and explanation; (5) consistency with the record as a whole; (6) specialization; and (7) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c).

Dr. Rexroat, a licensed psychologist, evaluated Sohn to determine eligibility for Medicaid. (Tr. 122, 746-49.) Dr. Rexroat noted that Sohn has never received mental health treatment, but received Prozac and Valium from her primary care physician. He noted she was dressed and groomed for the interview. He observed she was slightly anxious and slightly tense. He noted she was well oriented to time, place, and situation and her memory for events was good. Dr. Rexroat opined that she was able to understand and remember simple instructions. He also opined that she was able to sustain concentration and persistence with simple tasks. He stated that she had mild limitations in her ability to interact socially and adapt to her environment and in her activities of daily living, because she is not working. He opined that she had mild limitations in social functioning. In conclusion, Dr. Rexroat diagnosed Sohn with persistent depressive disorder and opined that she had a mental disorder which prevents her from engaging in suitable employment.

The ALJ disregarded Dr. Rexroat's report "entirely" and gave it no weight. (Tr. 22.) The ALJ noted that Dr. Rexroat's report was "inconsistent and self-contradicting." The ALJ noted that Dr. Rexroat found mild limitations in social functioning and activities of daily living, yet found that Sohn's "mental disorder" prevented her from working. Based on the evidence in the record as a whole, the Court finds that the ALJ did not err in assigning no weight to Dr. Rexroat's opinion. The ALJ's reasons were legally sufficient in assessing Dr. Rexroat's opinion. Dr. Rexroat was a one time examining psychologist. His opinion was not supported by his examination notes or anything else in the record. Sohn has never been treated for mental health impairments by a mental health professional. Although her primary care physician has prescribed her medication for depression, the record does not support a finding that this is even a severe impairment.

**RFC Determination**

Then, Sohn contends that the RFC determination and the vocational expert testimony derived from the RFC are not supported by substantial evidence, because it did not include all of her medically determinable impairments at step two. The Brief in Support of Complaint does not directly identify the limitations Sohn is alleging should be included in the RFC so the Court will assume she is referring to any effects from the migraine headaches and mental impairments that were discussed above[3].

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[4] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox*, 471 F.3d at 907.

Sohn has not met her burden to support a more restrictive RFC determination that would include limitations for migraine headaches or any mental impairment. Sohn contends that the ALJ should not have relied solely upon the inconsistency between the objective medical evidence and her allegations. Sohn has not identified any additional limitations that should have been included

---

[3] The Court notes that most of Sohn's Brief in Support of Complaint substantially cites SSR 16-3p. This Social Security Report regarding evaluation of symptoms in social security disability claims became effective on March 28, 2016 and was republished on October 25, 2017. *See* SSR 16-3P, 2017 WL 5180304, Social Security Ruling 16-3p, Policy Interpretation Ruling Title II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of Individual Statements (October 25, 2017).

[4] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

in the RFC or any substantial evidence to support such limitations. Sohn has not directed the Court to any evidence in the record that would support a more restrictive RFC. A review of the ALJ's decision indicates that the ALJ thoroughly reviewed the evidence as a whole. The ALJ's decision cites to the objective medical evidence, Sohn's doctor's observations, Sohn's testimony, the medical opinions in the record, and the vocational expert's testimony. Although none of Sohn's doctors submitted a medical opinion, the record indicates that she was never directed by any of her doctors to discontinue working beyond the recovery period after her surgeries. The RFC includes substantial limitations including an exertional limit of sedentary work, a sit stand option, and use of an assistive device. The Court finds that medical evidence in the record substantially supports the ALJ's RFC determination.

Finally, the Court finds that the vocational expert's response to the ALJ's hypothetical question constitutes substantial evidence. "The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole." *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006). These impairments must be based on the "substantial evidence on the record and accepted as true and capture the concrete consequences of those impairments." *Jones*, 619 F.3d at 972. If the hypothetical question is properly formulated, then the testimony of the vocational expert constitutes substantial evidence. *Roe v. Chater*, 93 F.3d 672, 676 (8th Cir. 1996).

In this case, the ALJ's hypothetical question included all of the limitations set forth in the ALJ's description of Sohn's RFC. The Court has found that the ALJ's RFC determination was supported by substantial evidence, therefore, the hypothetical question was proper and the vocational expert's answer constituted substantial evidence supporting the Commissioner's denial of benefits.

**Conclusion**

The Court finds that substantial evidence supports the ALJ's decision as a whole. As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only enough that a reasonable mind would find it adequate to support the decision, and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, 750 F.3d 989, 992-93 (8th Cir. 2014). The Court cannot reverse merely because substantial evidence also exists that would support a contrary outcome, or because the court would have decided the case differently. *Id.* A review of the record as a whole demonstrates that Sohn has some restrictions in her functioning and ability to perform work related activities, however, she did not carry her burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). For reasons set forth above, the Court affirms the Commissioner's final decision.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 12.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Andrew M. Saul for Nancy A. Berryhill in the court record of this case.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2019.